IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GEORGIA-PACIFIC LLC f/k/a
GEORGIA-PACIFIC CORP.                                                                          PLAINTIFF

VERSUS                                                          CIVIL ACTION NO. 4:07CV159-P-B

HORNADY TRUCK LINE, INC. and
LIBERTY MUTUAL FIRE INSURANCE
COMPANY                                                                                        DEFENDANT

## ORDER

This cause is before the Court on defendant Liberty Mutual Fire Insurance Company's Motion to Transfer Venue [33]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds a follows, to-wit:

Georgia-Pacific LLC brought the instant action in the Greenville Division seeking a declaratory judgment concerning Hornady Truck Line, Inc.'s alleged breach of contract in failing to defend and indemnify Georgia-Pacific LLC in an underlying state court action before the Circuit Court of Lafayette County, Mississippi, *James Wollerson v. Georgia Pacific Corporation*, Civil Action No. L07-014. Georgia-Pacific subsequently filed an Amended Complaint naming Liberty Mutual Fire Insurance Company as an additional defendant; the amended pleading also seeks declaratory relief regarding Georgia-Pacific's status as an additional insured under a policy held by Hornady Truck Line and its consequent entitlement to defense and indemnity in the afore-mentioned litigation.

Liberty Mutual seeks a transfer of venue to the Western Division in Oxford, Mississippi, pursuant to 28 U.S.C. §1404(a). The statute provides: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As the party seeking transfer,

Liberty Mutual bears the burden of demonstrating that the transferee venue is "clearly more convenient than the venue chosen by the plaintiff." *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008).

The Fifth Circuit has approved the use of a number of private and public interest factors as an aid in determining whether transfer under § 1404(a) is appropriate:

> The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

*Id.* (quoting from *In re Volkswagen I*, 371 F.3d 201, 203 (5th Cir. 2004).

Liberty Mutual's motion addresses almost none of the relevant interest factors articulated *supra*. Instead, the defendant's motion merely notes: 1) the parties are all out of state corporations; 2) the events giving rise to the underlying *Wollerson* action occurred in Oxford, Mississippi; 3) Liberty Mutual's attorneys are located in Oxford, Mississippi while Georgia-Pacific's attorneys are from Jackson and Ridgeland, Mississippi; 4) this case has no factual or legal relationship to Greenville; and 5) transfer would not result in prejudice to the plaintiff.

The parties' status as out of state corporations does not suffice to demonstrate that the Western Division is a more convenient forum than the Greenville Division. The second of Liberty Mutual's arguments has some marginal bearing on the private interest convenience factors, but only to the extent that the testimony of witnesses in the underlying *Wollerson* action may be relevant to the contractual issues to be adjudicated in this forum. However, as pointed out by plaintiff, no such

connection is evident. Instead, Georgia-Pacific maintains: "This dispute is one of contract interpretation and is expected to be decided by the Court without testimony."[1] The location of the parties' attorneys is irrelevant to the venue question. *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003). In short, none of the private interest factors militate in favor of a transfer.

Application of the public interest factors also favor retention of the plaintiff's choice of venue. The undersigned has unrestricted access to a courtroom in the Greenville Division; access to a courtroom in Oxford, the seat of the Western Division, is far less certain inasmuch as four other district judges and two magistrates hold court there. It is true that the Greenville Division has no particular localized interest in deciding the dispute between the parties; however, the same could be said for the Western Division. Instead, the case calls for the interpretation of two contracts formed in other states: the carrier agreement between Hornady Truck Line and Georgia-Pacific, and the insurance agreement purchased from Liberty Mutual by Hornady Truck Line. The latter two public interest factors, familiarity with the controlling law and conflict of law problems, likewise do not apply.

Liberty Mutual has failed to show good cause for this court to transfer venue; accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Liberty Mutual's Motion to Transfer Venue [33] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 28th day of January, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's statement went unrebutted by defendant; accordingly, the Court accepts it as true.